MATTIA CAPONE and ANTONIO SPINELLO, executors under the last will and testament of Antonio Pessolano, complainants-appellees,

*v.*

ANGELINA DI BENEDETTO et al., defendants-appellants.

[Submitted October term, 1929—Decided February 3d, 1930.]

*Mr. Arthur B. Seymour,* for the defendants-appellants.

*Mr. Samuel H. Nelson,* for the complainants-appellees.

The opinion of the court was delivered by

KAYS, J.

The bill in this case was filed by Mattia Capone and Antonio Spinello, executors under the last will and testament of Antonio Pessolano, deceased, to foreclose a mortgage on lands in the city of Orange, Essex county, owned by a widow, Angelina Di Benedetto, the appellant here. The mortgage was given on August 7th, 1922, to the decedent in his lifetime to secure a bond conditioned for the payment of $12,000, payable in one year after date with interest at the rate of four and one-quarter per centum per annum, payable semi-

anually.  The mortgage was duly recorded in the Essex county register's office.  The mortgagee died in May, 1926.

The defense sets up that the mortgage was obtained by duress, and this being so, that the mortgagor is under no obligation to pay it.  The appellant claimed that the decedent, Antonio Pessolano, who was her brother, went to Italy about a year before the giving of the mortgage in question and left with her his key to his safe deposit box in the Orange National Bank.  A son of the appellant, John Di Benedetto, had joint access with the mortgagee to the safe deposit box in the bank.  Appellant claims that when her brother returned from Italy he found $12,000 in Liberty bonds missing from the box and accused her son, John, of stealing them and threatened to have him arrested and indicted unless appellant gave him a bond and mortgage for the amount of the Liberty bonds.  In order to prevent this arrest she claims that she gave her brother the bond and mortgage in question.

The testimony submitted on the part of the complainants contradicted this story.  They testified that when Antonio Pessolano told his sister, the defendant, that John had stolen his bonds, she said it would be all right, not to worry.  She thereupon voluntarily gave him the bond and mortgage to secure him against loss.  She paid her brother the interest on this bond and mortgage without protest during his lifetime and it was not until after his death that she set up the claim of duress.  There was no dispute that if the mortgage was valid that the amount claimed due by the complainants was correct.

The vice-chancellor dismissed the counter-claim filed by the defendant and advised a decree for the amount claimed to be due on the bond and mortgage.

We think the vice-chancellor properly decided this case.  He had the witnesses before him and from the evidence submitted he was justified in arriving at the result he reached.  Of course if the contention of the appellant is true, then under the cases of *Ball* v. *Ball, 79 N. J. Eq. 170,* and *Slater* v. *Gittleman, 103 N. J. Eq. 98,* decided by this court, the bond and mortgage would be invalid and unenforceable.

We are of the opinion, as before stated, that the evidence does not justify the contention of the appellant, that is, that the mortgage was obtained by duress, for the reason stated, and in view also of the fact that the appellant attempted to prove that John, himself, swore that he never received the bonds at all.

The decree below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.